## HENRY GIBSON *v.* C. W. GRIMMS, ET AL.

**Pleading—Answers.**
> Under the Code of 1854 a party might in an original answer plead inconsistent defenses, but this could be done only by stating the defenses in separate paragraphs and making each complete in itself.

**Amended Pleadings.**
> An amended reply cannot be treated as a distinct and separate pleading, but the original reply and amendment must be regarded as one pleading and treated as if the whole had been filed at one time. Together they constitute the reply.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

June 13, 1877.

OPINION BY JUDGE COFER:

The pleadings and evidence of the appellant are much confused, and his pleadings especially are irreconcilably contradictory. In his original reply he says the claim set out in defendant's answer was settled and paid at the time the note sued on was executed, and explains how the note came to be dated in March, instead of July or August, when he says the settlement took place and the note was given, thus presenting a simple plea of confession and avoidance. But in the first paragraph of his amended reply he denied that he purchased the whisky at all. And in the second paragraph, if we understand it, he says the whisky mentioned in the answer belonged to him and not to Grimms, and again relies upon "a final adjustment of their affairs on account of said whisky, and that said settlement included the matters set up in the answer."

The difficulty we have is to understand what defense the appellant had or intended to make. The amended reply cannot be treated as a distinct and separate pleading, but the original reply and amendment must be regarded as one pleading and treated as if the whole had been filed at one time. Together they constitute the reply, and when thus considered it seems to us the reply destroys itself and leaves the set-off unanswered. If the appellant desired to change his

ground of defense, and instead of relying upon the alleged settlement as set up in the original reply, to deny that he purchased the whisky, he should have asked to withdraw the original and file the amendment in lieu of it.

It is true that under the Code of 1854, a party might, in an original answer, plead inconsistent defenses, but that can only be done by stating the defenses in separate paragraphs and making each complete in itself. When the amended reply was filed it became incorporated into the original and, as already remarked, the original and amendment are to be construed as one pleading, and both paragraphs of the amendment being commingled with the single paragraph of the original we have the anomaly of a traverse and confession and avoidance in one and the same plea. Both cannot be true, and therefore not being able to choose between them or authorized to disregard one in preference to the other, the court will disregard both.

If instead of this we treat the original reply and the first paragraph of the amendment as constituting one plea, and the original and the second paragraph of the amendment as constituting another, the result will be the same. In that case the original and the first paragraph of the amendment would present a confession and avoidance of the cause of action and also a denial. In other words we have the appellant pleading that he had paid for the whisky mentioned in the answer, which of course implies that he had been indebted for it, and in the same pleading that he did not buy it, and so never was indebted for it.

In the next place if we take the original and the second paragraph of the amendment as one plea we have a consistent plea of confession and avoidance, under which the burden was on the appellant. He testified that he did not purchase the whisky claimed in the set-off to have been sold to him, but as there was no such issue that evidence could avail nothing. He also testified that the balance claimed as due, $119.60, was embraced in the settlement and note, and that the note was executed in July or August, which was subsequent to the date of the account pleaded as a set-off, and a witness for appellees testified that the note bore its true date. There was, then, the testimony of one witness and the date of the note on one side, and the unsupported testimony of a single witness on the other, and the jury under proper instructions on this point found against the appellant.

Judgment *affirmed*.

*Morton Parker, for appellant.*